UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIKO SIMMONS,

        Petitioner,

v.

        CASE NO. 2:10-CV-10353
        HONORABLE LAWRENCE P. ZATKOFF

BLAINE LAFLER,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Niko Simmons, a state prisoner currently confined at the Carson City Correctional Facility in Carson City, Michigan, asserts that he is being held in violation of his constitutional rights. Petitioner raises 14 claims challenging the validity of his 2007 Wayne County Circuit Court convictions and sentences in his habeas petition. For the reasons stated herein, the Court concludes that Petitioner has not fully exhausted his state court remedies and dismisses without prejudice the petition for writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.    Facts and Procedural History**

Petitioner pleaded guilty to armed robbery, Mich. Comp. Laws § 750.529, and possession of firearm during the commission of a felony, second offense, Mich. Comp. Laws § 750.227b, in the

Wayne County Circuit Court and was sentenced to consecutive terms of seven to twenty years imprisonment and five years imprisonment on those convictions in 2007.

Petitioner, through counsel, filed a delayed application for leave to appeal with the Michigan Court of Appeals raising two sentencing claims. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v. Simmons*, No. 285409 (Mich. Ct. App. June 6, 2008) (unpublished). Following that decision, Petitioner attempted to file a supplemental brief with the Michigan Court of Appeals raising several claims concerning the effectiveness of trial counsel, sentencing and double jeopardy, the impartiality of the trial judge, judicial and prosecutorial misconduct in the plea process, fee issues, competency, and self-representation. The Michigan Court of Appeals rejected the filing. Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same sentencing claims presented by counsel to the Michigan Court of Appeals, the claims contained in his rejected supplemental brief, and additional claims concerning the Michigan Court of Appeals failure to consider his supplemental brief, and court costs and fees. The Michigan Supreme Court denied leave to appeal in a standard order. *People v. Simmons*, 482 Mich. 1035, 757 N.W.2d 85 (2008). The Michigan Supreme Court also denied reconsideration. *People v. Simmons*, 483 Mich. 884, 759 N.W.2d 374 (2009).

Petitioner also indicates that he has filed several motions in the Wayne County Circuit Court, including a motion for relief from judgment dated November 6, 2007, a motion to withdraw his plea dated November 21, 2007, a motion to vacate his felony firearm conviction on April 23, 2009, a motion for relief from judgment dated July 4, 2009, and a motion to remand dated July 7, 2009. Petitioner's documents reflect that the trial court denied a motion for relief from judgment on January 6, 2009 (presumably the 2007 motion), but there is no indication that the remaining motions

2

have been decided. Petitioner also does not indicate whether he has filed any state court appeals of any such decisions.

Petitioner dated his federal habeas petition on January 10, 2010, and it was filed by this Court on January 26, 2010. In his petition, he raises the following 14 claims:

I. Resentencing is warranted based upon OV-4 & OV-9 scoring errors.

II. Trial court abused its discretion in not ruling on plaintiff's motion to withdraw guilty plea, submitted in accord with MCR 6.310.

III. Ineffective assistance of counsel by public defender office appointee Ms. Coral M. Watt (P-41508).

IV. Failure to order competency examination for plaintiff by Ms. Coral M. Watt (P-41508). MCR 6.125(C)(1) and MCL 330.2028 were violated.

V. Judge Leonard Townsend was subject to recusal as a result of being a victim of SW Detroit armed robberies (several) in his past.

VI. Judge Leonard Townsend was biased based upon sentencing plaintiff without articulation of reasoning for 84 months out of a possibility of 85 months; failure to question plaintiff concerning ability to pay $780 in court costs and fees; forfeiture of $2,700 of bail-bond from surety Juanita Simmons; failure to honor doctrine of specific performance on *Cobbs* agreement signed by plaintiff; failure to replace Wayne County Public Defender Ms. Coral M. Watt (P-41508), or allow self-representation by plaintiff.

VII. Trial court had no jurisdiction or judicial power to accept felony firearm 2nd, MCL 750.227bb, because felony firearm, MCL 750.227ba, is and was a void conviction #04-6196-01, as no bind-over from 36th District Court to Third Circuit as case went directly to Frank Murphy Hall of Justice on June 15, 2004.

VIII. Failure of appellate courts in Michigan to submit concise facts on the issues raised in their courts.

IX. Failure of Court of Appeals to allow plaintiff full 84 days to file amended supplemental brief after appointed appellate attorney filed his brief May 8, 2008 and ruled upon said June 6, 2008, plaintiff had submitted amended supplemental brief June 16, 2008.

3

X. Double Jeopardy has been banned by both state and federal constitutions and the sentence handed down by Judge Leonard Townsend is a miscarriage of justice if allowed to stand as it is currently.

XI. Failure of appellate counsel Mr. William F. Branch (P-26846) to assert claims of error that were supported by facts of record, that would've benefitted plaintiff if successful, as long as they possessed legal merit and should've been so recognized by a practitioner familiar with appeal process based upon the number years of being admitted to the Michigan Bar Association was prevented by the judiciary from raising all issues available is violative of *Gideon v. Wainwright*, supra.

XII. Failure of the Wayne County Public Defenders Office to operate according to constitutional standards set by the National Legal Defender Association (NLADA) in the years preceding this appeal.

XIII. Trial court had no jurisdiction to accept a plea of guilty for felony firearm, MCL 750.227bb because Magistrate Roberta C. Archer never did bind over on that count on 4/25/2007 preliminary examination for #07-008248 violating U.S.C.A. Fourth Amendment.

XIV. Trial court had no jurisdiction to sentence Niko Simmons in place of the straw man Niko Simmons who was named and spelled out explicitly in all capital letters indicating commercial ramifications under Uniform Commercial Codes.

**III. Analysis**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be

4

presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. First, his habeas pleadings indicate that he did not properly raise the issues contained in his supplemental brief to the Michigan Court of Appeals in the state courts. The Michigan Court of Appeals rejected that supplemental filing as it was submitted after that court denied leave to appeal. Consequently, those issues were not "properly filed" and have not been exhausted in the state courts. *See Rickman v. Bell*, No. 2:06-CV-15020, 2008 WL 3853324, *4 (E.D. Mich. Aug. 18, 2008) (habeas petitioner did not fairly present claim to state courts where Michigan Court of Appeals rejected supplemental filing, such that claim was unexhausted); *Rouse v. Phillips*, No. 01-CV-72688-DT, 2002 WL 484646, *3 (E.D. Mich. March 18, 2002) (same); *see also Paredes v. Johnson*, 230 F.3d 1359(6th Cir. 2000) (issues raised for the first time in a motion for rehearing with the Michigan Court of Appeals are unexhausted for purposes of federal habeas review); *Merkel v. White*, No.2008 WL 4239497, *3 (E.D. Mich. Sept. 11, 2008) (same). Petitioner's presentation of those issues to the Michigan Supreme Court on discretionary review does not satisfy the exhaustion requirement. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989).

5

Second, it appears that Petitioner has not presented some of his habeas claims, such as those concerning the effectiveness of appellate counsel and the state court's jurisdiction, to any of the state courts—or, if he has presented such claims to the state trial court, those claims remain pending and/or have not been presented to the state appellate courts. Petitioner must complete the state court process before seeking habeas relief in this Court. *See, e.g., Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006). Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

Moreover, even if Petitioner's pending state court motion(s) do not involve all of his current habeas claims, such proceedings may result in the reversal of his convictions on another ground, thus mooting the federal questions presented. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008); *Porter v. White*, No. 01-CV-72798-DT, 2001 WL 902612, *3 (E.D. Mich. Aug. 6, 2001); *Szymanski v. Martin*, 99-CV-76196-DT, 2000 WL 654916, *2 (E.D. Mich. April 13, 2000). Petitioner must fully exhaust his habeas claims and complete the state court process before proceeding on federal habeas review. Because Petitioner has failed to properly and fully exhaust all of his habeas claims in the Michigan courts, his petition must be dismissed.

## IV. Conclusion

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court further **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

                                            s/Lawrence P. Zatkoff
                                            **LAWRENCE P. ZATKOFF**
                                            **UNITED STATES DISTRICT JUDGE**

**Dated: February 24, 2010**

**CERTIFICATE OF SERVICE**

   The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 24, 2010.

              s/Marie E. Verlinde
              **Case Manager**
              **(810) 984-3290**